**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA,**
Newnan Division

*FILED IN CLERK'S OFFICE*
*U.S.D.C. - Newnan*

*AUG 27 2010*

James N.
By:
Deputy Clerk

**GAELLEN FABRE,**

Plaintiff

v.

**BANK OF AMERICA,**

Defendants

**CIVIL ACTION**

**FILE NO:  3:09-cv-00124-JTC**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Gaellen Fabre who files *Plaintiff's Motion for*
*Leave to File First Amended Complaint.*

Plaintiff, who filed this action in Superior Court of Fayette County as a *Pro*
*Se* litigant,[1] Moves the Court for an Order Granting Plaintiff's Motion so that he
can take full advantage of the Federal Codes and Rules for which the Defendants
claim they removed the case to this court for.

---

[1] Plaintiff has attached a copy of the Fayette County Superior Court Docket Report
showing the exact dates of filing, of the hearing at which the
Court Ordered the defendants to produce documents, and Order Granting
TRO/Injunction *"Exhibit 1"*

## PLAINTIFF'S FIRST AMENDED COMPLAINT

For a contract to exist between two parties there must be full disclosure and consideration. To bring a claim one of the parties must be damaged. At the basic core and cause of Plaintiff's filed Complaint are two primary issues of fact:

1)    BOA is guilty of "fraud in the inducement" due to non disclosure and

2)    To date, no valid Note has been produced; thereby Defendants lack standing to perform a sale under power.

3)    Furthermore, BOA is guilty of conspiracy to commit theft by deception resulting from an absence of standing as Defendants have not proven that they have any standing in this matter because they have not proven they hold the Note.[2]

4)    UCC §3-309 states that a person can enforce a promissory note without having the original, BUT only under certain limited circumstances, and the facts surrounding such MUST be proven:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if
>
> (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred,

---

[2] A big problem facing the Courts on allowing a wrongful foreclosure to stand, is that the entity which would have been the proper party, with standing can also foreclose; there is nothing in place to stop such an occurrence.

One of the primary functions of OCGA § 9-11-17 is "to protect . . . against a subsequent action by the party actually entitled to recover." *Rigdon v. Walker Sales & Serv., Inc.*, 161 Ga. App. 459, 462, (288 S.E.2d 711) (1982). See also *First Christ Holiness Church, Inc., et., al., v. Owens Temple First Christ Holiness Church, Inc*. 655 (S.E.2d 605) (2008).

(ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and

(iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whiseabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.

## A.       LACK OF STANDING/CAPACITY

5)      The "Produce the Note" issue would have been resolved quickly upon presentment of the requested documentation proving status. As we all know, burden of proof to establish Holder in Due Course lies with person/entity claiming status. A number of Federal Court rulings have proceeded in this area requiring lender to show standing in the foreclosure action by showing the Note and the Mortgage at the time the complaint is filed.[3]

6)      Further, foreclosure cases have been dismissed because lenders failed to submit to the court a copy of the assignment of the note and mortgage evidencing

---

[3] See, HBC Bank USA v. Rayford, 2007 WL 4190805(S.D.Ohio, November 21, 2007); MidFirst Bank v. Davenport, 2007 WL 4246271 (S.D.Ohio, November 29, 2007);   NovaStar Mortg., Inc. v. Grooms, 2007 WL 4190796 (S.D.Ohio, November 21, 2007);   NovaStar Mortg., Inc. v. Riley, 2007 WL 4190802 (S.D.Ohio, November 21, 2007).

their status as holder of the note and mortgage.[4]  Besides, Plaintiff has every reason to believe that the original Note was satisfied based on the fact that there is no longer any indication of relationship with US National Bank Association as Trustee for Credit Suisse First Boston MBS Heat 2003-7.

7)   It has long been known, that real property involved in securitization, results in such complex matters, that a Sale Under Power would be violative of due process of law.

## COUNT I FRAUD

8)   Plaintiff restates and realleges the contents of paragraphs one through seven, and all general and unnumbered paragraphs of this Complaint, as if fully restated herein.

9)   Regarding the matter of Fraud, it is apparent that the jostling of accounting maneuvers created by the availability of the Plaintiff's signature accelerated Fraud.

10)   Fraud commenced when full disclosure did not occur and no consideration was provided from the lender in the form of a loan of money.

11)   Further, The Supreme Court of Georgia has long held that "the mere silence of the party committing   fraud", "is treated as a continuation of the original fraud…. Constituting a fraudulent concealment" see  *American Nat. Bank v. Fidelity & Deposit Co.* 131 Ga. 854 (68 SE 622) (1908). ("Whose the basis of an

[4] See,  In re Foreclosure Cases, 2007 WL 3232430 (N.D.Ohio, Oct. 31, 2007) and In re Foreclosure Actions, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007).

action is actual fraud, the mere silence of the party committing it is treated as a continuation of the original fraud and as constituting a fraudulent concealment")

"As a general rule, a plaintiff relying on the doctrine of fraudulent concealment must show affirmative actions by the Defendant constituting concealment. [She] must also show that [she] exercised reasonable diligence to discover [his] cause of action within the limitations period." *Hill v. Texaco, Inc.*, 825 F.2d 333, 335 (11th Cir. 1987) (citations omitted).

Fraudulent concealment is described by Black's Law Dictionary as

**Fraudulent concealment.** The affirmative suppression or hiding, with the intent to deceive or defraud, of a material fact or circumstance that one is legally (or sometimes morally) bound to reveal.[5]

12) There exists no contract between the Plaintiff and the Defendant. Therefore the record that the Defendants are basing their defense upon is a *nul tiel* record and the basis of the lenders defense claim of rights is *crimen falsi* [6] from the beginning.

---

[5] *Black's Law Dictionary* (7th ed.) page 282.

[6] **Crimen falsi**: the crime of falsifying; 1. A crime in the nature of perjury. 2. Any other offense that involves some element of dishonesty of false statement. See Fed. R. Evid. 6009(a)(2). "The starting point (for perjury) seems to have been the so-called crimen calsi. - crime of falsifying. In the beginning, perhaps, one convicted of perjury was deemed too untrustworthy to be permitted to testify in any other case, and the idea grew until the term 'crimen falsi' included any crime involving an element of deceit, fraud or corruption." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 26 (3d ed. 1982). *Black's Law Dictionary* (7th ed.) page 379.

13)     Plaintiff's real property records reflects that January 5, 2010 an illegal

change was made concerning Plaintiff's property records.

14)     Georgia Code, as well as Federal Code makes it a crime to enter into real

property records, any forged or fraudulent documents, in an attempt to gain an

interest into the real property, see O.C.G.A. §§44-2-43, 44-2-44, 44-2-64, 44-2-67,

and 44-2-77.

### O.C.G.A. §44-2-43

"Any person who: (1) fraudulently obtains or attempts to obtain …
to any land or interest therein; (2) knowingly offers in evidence any
forged or fraudulent document …with regard to registered lands or
any interest therein; (3) makes or utters any forged instrument of
transfer or instrument…or any other paper, writing, or document …
for the registration of lands or the notation of entries upon the
register of titles; (4) steals or fraudulently conceals any …or other
certificate of title provided for under this article; (5) fraudulently
alters, changes, or mutilates any writing, instrument, document,
record, registration, or register provided for under this article; (6)
makes any false oath or affidavit with respect to any matter or thing
provided for in this article; or (7) makes or knowingly uses any
counterfeit of any certificate …shall be guilty of a felony and shall
be punished by imprisonment for not less than one nor more than
ten years.

### O.C.G.A. §44-2-44

Any clerk, deputy clerk, special clerk, or other person performing
the duties of the office of clerk who: (1) fraudulently enters a
decree of registration without authority of the court; (2)
fraudulently registers any title; (3) fraudulently makes any notation
or entry upon the title register; (4) fraudulently issues any
certificate of title, creditor's certificate, or other instrument
provided for by this article; or (5) knowingly, intentionally, and
fraudulently does any act of omission or commission under color of
his office…be guilty of a felony and shall be removed from office
and be permanently disqualified from holding any public office and

shall be punished by imprisonment for not less than one nor more than ten years.

### O.C.G.A. §44-2-64

The petition and amendments thereto shall be signed and sworn to by each petitioner, or, in the case of a corporation, by some officer thereof, …. It shall contain a full description of the land, its valuation, and its last assessment for county taxation; shall show when, how, and from whom it was acquired, a description of the title by which he claims the land, …all known liens, interests, and claims, adverse or otherwise, vested or contingent. Full names and addresses, if known, of all persons …including adjoining owners and occupants,… The description of the land given in the petition shall be in terms which will identify the same fully and … describe the same as permanently … Before passing a decree upon any petition for registration, the judge, on his own motion or upon the recommendation of the examiner, may require a fuller and more adequate description or one tending more permanently to identify the tract in question to be included in the petition by amendment; and if, in the discretion of the court, it shall be necessary, the judge may for that purpose require a survey of the premises to be made and the boundaries marked by permanent monuments. …

### O.C.G.A. §44-2-67

(a)(1) Upon the petition being filed in the office of the clerk of the superior court in the county where the land is located, the clerk shall issue a process directed to the sheriffs … requiring all of the defendants named … and all other persons "whom it may concern" to show cause before the court on a named day not less than 40 nor more than 50 days from the date thereof why the prayers of the petition should not be granted and why the court should not proceed to judgment in such cause. The clerk shall make the necessary copies of the petition and process for service….

### O.C.G.A. §44-2-77

While the cause is pending before the examiner of titles or at any time before final decree, …, may require the land to be surveyed by some competent surveyor and may order durable bounds to be set and a plat thereof to be filed among the papers of the suit. Before such survey is made, all adjoining landowners shall be given at least five days' notice. The petitioner or any adjoining owner dissatisfied with the survey may file a protest with the court within

- 7 -

> ten days from the time the plat is filed; and thereupon an issue shall
> be made up and tried as in case of protest to the return of land
> processioners.

15)    Defendants have caused to be filed in Plaintiff's real property records,
falsified and forged documents; Plaintiff's Affidavit of Forgery is attached.

16)    A document claiming to be a Scrivener's Affidavit has been inserted into the
real property records as indicated by "*Exhibit A*", in order to reform anything on a
real property document in the State of Georgia, Plaintiff would have had to be
contacted, and mandatory statute governing reformation would have had to ensue.

17)    Defendants, have perpetrated a fraud upon the Court, the reformation was
not performed until January 5, 2010, *after* Superior Court had **ORDERED**
defendants to produce documents, and *more than a month after* BOA removed the
action to this Court.

18)    Furthermore, the attorney signing the Affidavit, and swearing to be the
closing attorney, perjured himself, he was not the closing attorney on record, and
Plaintiff has never heard of the individual. The "crime of false statement" has been
committed, see *The State v. Johnson*. S97G1681 (269 Ga. 370) (499 SE2d 56)
(1998) discussing O.C.G.A. §16-10-20:

> That statute sets forth three ways to commit the crime of false
> statement: (1) when a person knowingly and wilfully falsifies a
> material fact; (2) when a person makes a false, fictitious, or
> fraudulent statement or representation; or (3) when a person "makes
> or uses any false writing or document, knowing the same to contain
> any false, fictitious, or fraudulent statement or entry." *Id*.

- 8 -

19)     Georgia has held that the language of the statute "unambiguously prohibits"

"making or using any false writing or document" "without regard to the identity of

the individual";  See *State v. Luster*, 204 Ga. App. 156, 158 (1) (a) (ii) (419 SE2d

32) (1992).

> Even construing OCGA 16-10-20 strictly against the State, see
> generally *Jowers v. State*, 225 Ga. App. 809 (2) (484 SE2d 803)
> (1997), the language therein unambiguously prohibits an individual
> from making or using any false writing or document, without
> regard to the identity of the individual who initially made or
> subsequently used the false document

20)     Further, in order to reform the real property document, it takes more than an

attorney, walking in with a Scrivener's Affidavit, and having it filed into the real

property records.

21)     Theft by deception and civil fraud have different elements and are not

necessarily proved by the same evidence. See *Robinson v. State*, 198 Ga. App.

431, 433 (401 SE2d 621) (1991). Theft by deception is committed when a person

"obtains property by any deceitful means or artful practice with the intention of

depriving the owner of the property." OCGA 16-8-3 (a).

> "A person deceives if he intentionally: (1) Creates or confirms
> another's impression of an existing fact or past event which is
> false and which the accused knows or believes to be false; [or]
> (2) Fails to correct a false impression of an existing fact or past
> event which he has previously created or confirmed. . . ." OCGA
> 16-8-3 (b). Although OCGA 16-8-3 (b) (2) does not specifically
> state that a deceiving person must "know[ ] or believe[ ]" an

- 9 -

impression is false, that state of mind is implicit in the
requirement of OCGA 16-8-3 (b) (2) that a deceiving person
"intentionally" fail to correct a false impression *Avery v
Chrysler Motors Corporation, et., al.,* 448 SE2d 737 (214 Ga
App. 602) (1994)

21)    Georgia statute prohibits an individual waltzing into the real property
records on a whim, and changing real property records, whether an attorney, or a
homeowner.

22)    Further, a reformation of any real property records has to be brought before
the Superior Court, and a hearing held; "[26] … parties may reform …, so long as
accrued rights of third persons are not disturbed; …." "[27]  … equitable power to
relieve from mistake "shall be exercised with caution, and to justify it the evidence
shall be clear, unequivocal, and decisive as to the mistake." *Minor, et., al., v.
Finch*, et., al., 228 Ga. (58 S.E.2d 389), 206 Ga. 721(1950); "An action to reform
a written instrument can be brought at any time within seven years …, if not barred
by laches." *Whittle v. Nottingham*, 164 Ga. 155, 161 (3) (138 S.E. 62) (1927)."

23)    Because the defendant has repeatedly refused to produce pertinent
documents to the Plaintiff, defendant must be aware that Georgia mandatory
statute was violated when they manipulated the real property documents at Fayette
County real property records dept.

24)    Since Fraud vitiates all contracts and there is no time limit of right to rescind
on Fraud, Defendants are liable. All other issues in this case proceed from the two

primary issues. From these developed; Conversion, Civil RICO, and Illegal Accounting/investment practices ascertained through Securitization and Bundling of loans well utilized by some lending institutions, banks and mortgage companies. Maybe these are the reasons for the creation of entities like Mortgage Electronic Registration Systems, Inc. (MERS) - to blur the vision of the righteous laws set up to protect the citizenry of the United States of America.

25) Although Plaintiff has found nothing to indicate his mortgage is part of or affiliated with MERS in any way, the fact remains, when Plaintiff bought the property, it was already I securitization: "US Bank National Association, as Trustee for Credit Suisse First Boston MBS Heat 2003-7".

26) Since the time Plaintiff bought the property, he has no idea, who currently owns the loan, holds the note, how many times the note has changed hands, he has been denied all information, which according to numerous Federal Rules, and codes, he has a right to know.

27) Plaintiff incorporates his Original Complaint by reference and fully as if it were reproduced in its entirety herein. Plaintiff has a right to know what if anything, makes BOA think they have standing to perform a Sale Under Power, they have denied Plaintiff this information. One must logically conclude, BOA has no standing.

28) Defendant BOA showed bad faith due to not providing the single necessary

element requested to close the deal and honor the transaction as valid. They did not show that they were the holder in due course.

29) Defendant BOA failed and refused to show Proof of Claim as evidenced by the Original blue wet ink signature Promissory Note thus breaching the contract.

30) Although Plaintiff revoked, terminated, and rescinded all Power of Attorney from Defendants, they unlawfully moved forward to Misrepresented his. O.C.G.A. § 10-12-5

31) Due to multiple violations of Georgia foreclosure statutes including lack of Proof of Claim, dishonoring a valid tender, fraud, misrepresentation, denial of equity of redemption, bad faith in a legal transaction, illegal and unlawful deficiency action, and lack of good faith in proceeding toward an unlawful Sale Under Power.

32) Plaintiff suffered irreparable injury and compensatory damages due to fraudulent procurement of the Security Deed by Defendant BOA, and unlawful, illegal and wrongful proceedings toward a Sale Under Power.

33) Plaintiff suffered irreparable injury and requests compensatory damages due to fraudulent procurement of his note

34) Plaintiff suffered irreparable injury and requests compensatory damages due to Unauthorized Use of his Signature and Name.

35) Plaintiff suffered irreparable injury and requests compensatory damages due

to Unauthorized Use of his Signature and Name for the purpose of securing funds and funding.

36) Plaintiff suffered irreparable injury and requests compensatory damages due to Slander upon his title

37) Plaintiff suffered irreparable injury and compensatory damages due to Defamation of Character by Defendant BOA, who committed fraud and libel by placing fraudulent public notices in newspapers.

38) That an actual case and controversy exists in that some or all of the Defendants, or their successors and assigns are attempting to deprive the Plaintiff of their valuable right to own and use the subject real estate to which Plaintiff presently has rightful title and ownership.

39) Plaintiff's valuable right to own and use the subject real estate is under imminent infringement because some or all of the Defendant, or their successors and assigns, has illegally and wrongfully attempted to sale, of plan to sale under power, said real estate at a non-judicial foreclosure sale, under the color of law and without lawful authority to liquidate said property, contrary to the laws of the United States and the State of Georgia.

40) Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant wrongful and fraudulent actions against his.

41) As a direct, proximate, and foreseeable result of Defendant actions, Plaintiff

home was injured, and Plaintiff has suffered loss and damages in the amount of

$2,000,000.00 as a result of Defendant wrongful and fraudulent actions.

42)   Defendants BOA and their foreclosure attorneys from the Law office of

Johnson and Freeman LLC, in Atlanta;  individually and collectively, at all times

knew or should have known that Plaintiff's Note and Security Deed were not

transferred or assigned at the time of initiation and wrongful Sale Under Power.

43)  Defendants, individually and collectively, did not and have yet to produce the

original wet ink signature note or an enforceable instrument as requested by

Plaintiff numerous times before and after alleged foreclosure.

44)  Prior to the Notice of Sale Under Power, BOA and their foreclosure attorneys

from the Law office of Johnson and Freeman LLC, in Atlanta, made attempts to

illegally and wrongfully proceed toward a Sale Under Power,

45)   In the Complaint as originally filed in Superior Court of Fayette County,

Plaintiff on August 21,09 filed the following: 1.  Plaintiff's Petition For Injunctive

And Other Relief And For Courts Compel Defendants to Produce And comply

With Plaintiffs Demands *"Exhibit B"*;  2. Estoppel  *"Exhibit C"*; and  3. Plaintiffs

to Defendant's Non-Responsive Reply *"Exhibit D"*;[7] It showed that even then

---

[7] **It must be NOTED**:  That when these defendants REMOVED this action from
Superior Court, to this US District Court, they failed to properly REMOVE the
action, they did not REMOVE the three documents listed in ¶45 (§ 1446.
Procedure for removal:   "(a) A defendant or defendants desiring to remove any
civil action or criminal prosecution from a State court shall file in the district court

Plaintiff had long been attempting to have documents produced that to date remain a mystery and unproduced.

46)   Defendant BOA's  position as owner of the Note or an enforceable instrument was not established – neither is "holder in due course".

47)   Plaintiff received from Defendant, through their foreclosure attorneys at the Law office of Johnson and Freeman LLC, in Atlanta on July 3rd, 2009, a collection notice stating they were representing Defendant BOA as the Creditor of the loan. Plaintiff believes Defendant BOA, was and is only a "Nominee" or servicer under a Security Deed and could not be a creditor.  Defendant BOA, itself as a Creditor for undeserved gain.

48)   Defendant BOA, and their foreclosure attorneys from the Law office of Johnson and Freeman LLC, in Atlanta, has Misrepresented ownership of the subject property by Assignment of an unenforceable instrument.  A recent court case, *US Bank N.A  v. Wyman*, No. 466-6-09 Rdcv (Cohen, J., Oct. 20, 2009), expressed,

> "This view comports with the Black's Law definition of "nominee." BOA has authority to act "in a very limited way" - it "holds bare legal title for the benefit of other."  *Black's Law*

of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."; Thereby defendants have committed a fraud upon the Court, on top of being in contempt of Court.

*

***Dictionary*** 1076 (8th ed.2004). There is no evidence that BOAs
authority extends to the transfer of the promissory note or that
BOA acts as an agent for the lender, thereby designated to act
"in a very limited way." See Id.

49)  US BANK NA AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON

MBS HEAT 2003-7 has not been mentioned at all, BOA is clearly misrepresenting

itself as the hold of the note/lender without legal standing to bring any action

against Plaintiff, or his property as there is no contract or enforceable instrument

recorded that gave US BANK N.A. standing to assign Defendant BOA, legal title;

without which BOA has no standing or legal capacity.

50)  US BANK N.A., knowingly and willfully conveyed a non-existent Note and

Security Deed to Defendant BOA, without an enforceable instrument, thereby

abusing Plaintiff.

51)   Defendant BOA, and their foreclosure attorneys from the Law office of

Johnson and Freeman LLC, in Atlanta, knowingly and willfully did fraudulently

act as Attorney-in-Fact for Defendant BOA as transfer agent of an unenforceable

instrument.

52)   Defendant BOA purports to hold legal title with respect to the rights

conveyed by the borrower.  O.C.G.A. § 9-11-17 (a), O.C.G.A § 44-14-162(b)

53)   Plaintiff believed all actions were true and in reliance thereon he tendered an

acceptance for value offer only to discover NO PROOF of CLAIM.

54)   Defendants, and their foreclosure attorneys from the Law office of Johnson

and Freeman LLC, in Atlanta, individually and jointly, have deceitfully committed Fraud due to multiple incidents of misrepresenting Plaintiff, illegal transfer of unenforceable instruments, illegal conveyance of note and security deed, bad faith in proceeding toward a Sale Under Power, illegal standing to foreclose, misrepresenting position in commerce, and filing erroneous documents in public records.[8]

55)     Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant wrongful and fraudulent actions against him.

56)   By reason of the foregoing and as a direct, proximate, and foreseeable result of Defendant wrongful and fraudulent actions, Plaintiff has suffered loss and damages in the amount of $2,000,000.00.

## COUNT II
## DISHONOR IN COMMERCE: TENDERED OFFER IGNORED

57)   Plaintiff restate and reallege the contents of paragraph one (1) through thirty-six (36), as well as all unnumbered paragraphs, of this Complaint as if fully restated herein.

58)     As far back as June 2009, Plaintiff released BOA and attorneys pursuing foreclosure proceedings from the Law office of Johnson and Freeman LLC, 1587

---

[8] *Boaz v. Latson*, 260 Ga. App. 752, 580 SE 2nd 572 (2003); *Gilbert v. Chisry*, 136 Ga. App. 417, 221 SE 2nd 472 (1975) *Grainger v. Jackson* 122 Ga. App. 123, 176 SE 2nd 279 (1970), O.C.G.A. § 51-6-2

Northeast expressway, Atlanta 30329 representing Plaintiff through Attorney –in-Fact, thus they have fraudulently misrepresented Plaintiff and other.

59)  June, July 2009, as representatives for Defendant BOA, the alleged Creditor, sent an offer to Plaintiff to settle the claim prior to the attempting a wrongful and fraudulent Foreclosure Sale.

60)  Plaintiff mailed 3 separate times March 31, 2009, May 4th, 2009, and June 15th 2009, the " Offer and Demand notice certified mail; and offer of "Accepted for Value" upon Proof of Claim that Defendant BOA was in fact holder of the Original Promissory Note; the copies of the Certified Mail slips are attached as *"Exhibit E".*

61)  Proof of Claim was not provided.

62)  The stipulated timeline of offer was not met.

63)  Defendant BOA did not honor Plaintiff's right to equity in redemption.

64)  Defendant BOA showed bad faith due to not providing the single necessary element requested to close the deal and honor the transaction as valid.

65)  Defendant BOA's position as owner of the Note or an enforceable instrument has not been established as "holder in due course". O.C.G.A. §9-11-17(a).

66)  In spite of lack of Proof of Claim via requested wet ink signature and lawfully tendered offer outstanding and on the table, Defendant BOA, and their agents and attorneys intend to continue to pursue the wrongful and illegal Sale Under Power

proceedings.[9]

67)    Defendant BOA moved to wrongfully and illegally perform a Sale Under Power of the property located at 113 Carrollwood Dr., Fayetteville, GA 30215

68)    Plaintiff believed all actions were true and in reliance there of made a lawful tender and an offer to Defendant only to discover they had NO PROOF of CLAIM and did not produce the blue ink Note originally signed by Plaintiff.

69)    Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant's wrongful and fraudulent actions against him.

70)    By reason of the foregoing and as a direct, proximate, and foreseeable result of Defendant's wrongful and fraudulent actions, Plaintiff have suffered loss and damages in the amount of $2,000,000.00.

## COUNT III
## ACCOUNTING AND FAILURE TO DISCLOSE

71)    Plaintiff restates and realleges the contents of paragraph one (1) through fifty-one (51) and all unnumbered paragraphs of this Complaint, is if fully restated herein.

72)    The Original blue wet ink signature Promissory dated July 9, 2007 has been withheld from Plaintiff, because as he believes, it does state that a loan was received from Defendant BOA.

---

[9] ***Taylor, Bean & Whitaker Mortgage Corporation v. Brown***, 275 Ga. 848, 583 SE 2nd 844 (2003)

73) Defendant BOA received Plaintiff Promissory Note for free, new money, credit or the money equivalent was created. Plaintiff funded his on loan with his Promissory Note.

74) The party who provided the asset to give value to the check that is claimed to be lent to the alleged borrower (Plaintiff) is the same alleged borrower and the party who funded the loan.

75) Upon repayment of this alleged loan the party who funded the loan (Plaintiff) is not to be repaid the money by Defendant BOA

76) Plaintiff also seeks recovery for damages for non-disclosure of certain Truth in Lending Disclosures and Federal violations of numerous consumer rights relative to the TILA, RESPA, and FDCPA disclosures which were fraudulently concealed from the Plaintiff by Defendant, disregarding constitutional requirement of due process.

77) Either before, during and/or after the purported settlement, some or all of the Defendants, or their successors and assigns, failed and/or refused to provide Plaintiff with copies of important documents, including the complete Mortgage and Note, which would explain his consumer rights, as well as other rights, including but not limited to, the Federal Truth in Lending Disclosures, such as the preliminary TILA disclosures and RESPA disclosures.

78) Defendant fraudulently concealed from Plaintiff the above mentioned

documentation.

79) Defendant did not disclose to Plaintiff that they were using Plaintiff's name, note and credit to secure monies from investors.

80) Defendant did not disclose to Plaintiff that they were using his name, note and credit to secure monies from the Federal Reserve Bank.

81) Defendant did not disclose to Plaintiff that they got paid each and every time they transferred and assigned his note with his signature attached thereto.

82) Plaintiff did not have an understanding that his loan would be transferred or assigned to other parties without his consent or knowledge and without recourse who would charge him other fees and interest of which he had not agreed thereto.

83) Plaintiff suffered irreparable injury and requests compensatory damages due to fraudulent procurement of his note.

84) Plaintiff suffered irreparable injury and requests compensatory damages due to Unauthorized Use of his Signature and Name.

85) Plaintiff suffered irreparable injury and requests compensatory damages due to Unauthorized Use of his Signature and Name for the purpose of securing funds and funding.

86) That an actual case and controversy exists in that some or all of the Defendants, or their successors and assigns are attempting to deprive Plaintiff of his valuable right to own and use the subject real estate to which Gaellen Fabre

presently has rightful title and ownership.

87)     Plaintiff's valuable right to own and use the subject real estate is under imminent infringement because the Defendant, or their successors and assigns, have attempted to illegally and wrongfully conduct a Sale Under Power of said real estate at a non-judicial Sale Under Power, contrary to the laws of the United States and the State of Georgia.

88)     Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant wrongful and fraudulent actions against him.

89)   As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff was wrongfully subjected to the threat of Sale Under Power, suffered loss and damages in the amount of $2,000,000.00 as a result of Defendant wrongful and fraudulent actions.

## COUNT IV
## CIVIL RICO

90)     Plaintiff restates and realleges the contents of paragraph one (1) through seventy (70), and all unnumbered paragraphs of this Complaint, as if fully restated herein.

91)     The conspiracy, the subject of this action, has existed from the date of application to the present, with the injuries and damages resulting therefrom being continuing.

92)    Defendant's actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an "enterprise", with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents.

93)    Each of the Defendant's successors, nominees, and assigns, make up an "enterprise Defendant".

94)    Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant's wrongful and fraudulent actions against him.

95)    By reason of the foregoing and as a direct, proximate, and foreseeable result of Defendant's wrongful and fraudulent actions, Plaintiff has suffered loss and damages in the amount of $2,000,000.00.

## COUNT V
## CONVERSION

96)    Plaintiff restates and realleges the contents of paragraph one (1) through seventy-six (76), as well as all unnumbered paragraphs of this Complaint, as if fully restated herein.

97)    Defendant wrongfully attempted, and continues to plan to convert the property of Plaintiff located at 113 Carrollwood Dr., Fayetteville, GA 30215 to

- 23 -

their own use.

98)    Plaintiff is entitled to punitive damages and attorney's fee as a result of Defendant's wrongful and fraudulent actions against him

99)    By reason of the foregoing and as a direct, proximate, and foreseeable result of Defendant wrongful and fraudulent actions, Plaintiff have suffered loss and damages in the amount of $2,000,000.00.

## COUNT VI
## BREACH OF CONTRACT AND THEFT

100)    Plaintiff restates and realleges the contents of paragraph one (1) through eighty (80), as well as all unnumbered paragraphs of this Complaint, as if fully restated herein.

101)    The Original blue wet ink signature Promissory Note dated July 9, 2007 does not state that a loan was received from Defendant BOA.

102)    Defendant BOA received Plaintiff's Promissory Note for free, new money, credit or the money equivalent was created.

103)    Plaintiff funded his own loan with his Promissory Note.

104)    The party who provided the asset to give value to the check that is claimed to be lent to the alleged borrower (Plaintiff) is the same alleged borrower and the party who funded the loan.

105)    The agreement states "interest" will be paid at a rate, interest is the charge

for the use of borrowed money.

106)    Upon repayment of this alleged loan the party who funded the loan
(Plaintiff) is not to be repaid the money by Defendant BOA and/or Assignees
and/or Successors.

107)    Defendant BOA received Plaintiff's Promissory Note for free and has not
made a loan or investment to the Plaintiff. A party must have legal standing to
bring a claim. A party must be damaged in order to have standing to bring a claim.
A bank cannot risk its assets or the assets of its stockholders or depositors to make
a loan. If a bank cannot risk, it cannot be a damaged party and cannot have legal
standing to bring a claim. Defendant BOA and/or Assignees and/or Successors
have not been damaged and therefore do not have legal standing to bring a claim.

108)    Plaintiff suffered irreparable injury and requests compensatory damages due
to fraudulent procurement of his note.

109)    Plaintiff suffered irreparable injury and requests compensatory damages due
to Unauthorized Use of his Signature and Name.

110)    Plaintiff suffered irreparable injury and requests compensatory damages due
to Unauthorized Use of his Signature and Name for the purpose of securing funds
and funding.

111)    Plaintiff is entitled to punitive damages and attorney's fee as a result of
Defendant's wrongful and fraudulent actions against them.

112)     As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff's home was to be sold under power, and most likely would have been bought by the defendant for pennies on the dollar. Plaintiff has suffered loss and damages in the amount of $2,000,000.00 as a result of Defendant's wrongful and fraudulent actions.

WHEREFORE, Plaintiff demands judgment for money damages against Defendant and such other and further relief as the Court may deem reasonable and just under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1)     This Court sign an order granting continuing temporary injunctive relief and//or a continuing Temporary Restraining Order against the defendants some or Defendants and/or their successors, nominees, and/or assigns, and all others from further dispersing and damaging private property titled to the Plaintiff;

2)     That this Court DECLARE that Plaintiff is entitled to rescission of the entire mortgage and promissory note amounting to clear title to the property with fixtures as a result of the aforementioned averments;

3)     As a result of some or all of the Defendant(s), and/or their successors, nominees, and/or assigns aforesaid violations, they are liable to Plaintiff in an amount not less than $500,000.00 and up to $1,000,000.00, for each and every

violation, in an amount for the violations after proven;

4)     Damages for the Unfair and Deceptive Acts and Practices in the amount of $400,000.00 for each and every violation, in an amount of $800,000.00, for the violations after proven;

5)     The Court DECLARE that since this action was commenced, some or all of the Defendant(s), and/or their successors', nominees, and/or assigns' have continued and do so continue to violate the Consumer Credit Protection Act, 1 5 U.S .C. §lb01 et seq., and Regulation Z, 12 C .F.R. §226 .4 and 5, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, and award damages as required by law as herein after more particularly set forth;

6)     The Court DECLARE Defendant(s), and/or their successors, nominees, and/or assigns have failed to credit and/or refund the Plaintiff deposit account as required by 12 C.F.R. § 226.21;

7)     Judgment in favor of the Plaintiff;

8)     Judgment Declaring that Defendant practices as described herein, violates the Fair Debt Collection Act.

9)     Judgment giving Plaintiff Cost of litigation as provided in 15 U.S.C. §1601 et.seq. and Reasonable Attorney's fees, expert witness fees and other costs.

10)    Defendant(s), and/or successors, nominees, and./or assigns be permanently

- 27 -

enjoined from conducting a Sale Under Power of Plaintiff's real property, and deem that Plaintiff has full and complete title to said property.

11)     Judgment Setting Aside any past or pending Sale Under Power of the deed and granting Clear Title and a Order requiring Defendant and their attorneys to Quiet the Title on Plaintiff's property located at 113 Carrollwood Dr. Fayetteville, GA 30215, and any extraordinary equitable and/or injunctive relief as permitted by law or equity.

12)     Judgment of punitive damages and attorney's fee as a result of Defendant's actions against Plaintiff in the amount of $300,000.00 against the defendant.

13)     Trial by Jury as to the Damages in the amount of $400,000.00 against defendant.

14)     Plaintiff recover such other and further relief as to this Honorable Court deems meet, just and proper.


Respectfully submitted, this 24th day of August, 2010,


By: _____

GAELLEN FABRE, Pro Se
113 Carrollwood Drive
Fayetteville, GA 30215

**STATE OF ~~GEORGIA~~** Florida

**County of** Broward

### AFFIDAVIT OF FRAUD/FORGERY

GAELLEN FABRE personally appeared before me and took an Oath that the following is true and correct:

I am the true and lawful owner of the property located at 113 Carrollwood Drive; Fayetteville, GA  30215 in Fayette County; as such and contrary to the claims by Bank of America, John R. Hancock, First American Title Ins. Co., or the Clerk of Fayette County,  the Document filed in Book 3604, Page 42 signed by John R. Hancock swears that John R. Hancock was the closing attorney when I allegedly bought the property  located at 113 Carrollwood Drive; Fayetteville, GA 30215 in Fayette County.  Mr. Hancock perjured himself, he was not the closing attorney.   Keysha Knight was the closing attorney, I have no idea who Mr. Hancock is.

The "Scrivener's Affidavit" (attached) offered as evidence by the Plaintiff, and that has been made part of my real property record is a fraud/forgery, possibly obtained by illegal/criminal acts.

_____
Gaellen Fabre

Sworn to and Subscribed before me,
this 24th day of August, 2010

Seal
_____
NOTARY PUBLIC

ERICKA L. STEWART
Notary Public - State of Florida
My Commission Expires Mar 2, 2012
Commission # DD 763906
Bonded Through National Notary Assn.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
Newnan Division**

**GAELLEN FABRE,**

Plaintiff

**CIVIL ACTION**

**FILE NO:  3:09-cv-00124-JTC**

V.

**BANK OF AMERICA,**

**Defendants**

---

## CERTIFICATE OF SERVICE

I, Gaellen Fabre, Certify that I have this 24th day of August, 2010 served the foregoing *Plaintiff's First Amended Complaint* upon the Defendants, through their attorney on file, by causing a true and correct copy to be deposited with USPS first class mail, proper postage affixed and addressed as follows:

**Howell A. Hall**
115 Perimeter Center Place
South Terraces, Suite 1000
Atlanta, GA  30346

GAELLEN FABRE
113 Carrollwood Drive
Fayetteville, Georgia 30215

- 30 -